Mildred **GALVIN**, Plaintiff–Appellant,

v.

**OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION,**
Defendant–Appellee.

No. 88–4119.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1988.

---

Moses Junior Williams, Felicia T. Williams, Williams & Williams, Tallulah, La., for plaintiff-appellant.

James G. Touhey, Jr., Trial Atty., Torts Branch, Civ. Div., Dept. of Justice, Washington, D.C., John A. Broadwell, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for defendant-appellee.

* District Judge of the Western District of Texas, sitting by designation.

1. In Count I against OSHA, Galvin alleges that:
   11. Defendant [OSHA] either negligently failed to inspect the industrial plant and machines, particularly the conveyer system which caused decedent's death, as required by law or negligently failed to detect and correct or have corrected the apparent unsafe, dangerous, and hazardous working conditions and machines which caused the .death of decedent herein.
   12. Defendant [OSHA] negligently permitted P.E. Barnes to operate the unsafe, hazardous, and obviously dangerous conveyer without having properly instructed its employees on their safe and proper use.

Before WILLIAMS and GARWOOD, Circuit Judges, and NOWLIN*, District Judge.

JERRE S. WILLIAMS, Circuit Judge:

Mildred Galvin appeals an adverse summary judgment ruling in her Federal Tort Claims Act action against the Occupational Safety and Health Administration. We conclude that the district court lacked jurisdiction over Galvin's claims and affirm.

I. *Facts and Prior Proceedings*

Decedent James Edward Galvin was a conveyor operator at the sawmill of P.E. Barnes & Sons, Ltd. in Tallulah, Louisiana. On March 11, 1985, Galvin was trying to remove some wood scraps that had jammed in the conveyor belt when the conveyor began to run again. James Galvin became trapped in the conveyor system and was fatally injured.

Appellant Mildred Galvin, James Galvin's mother, sued the Occupational Safety and Health Administration (OSHA) under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1982), for failing to inspect or negligently inspecting the Barnes' machinery and for failing to ensure that guards were attached to certain machines. The relevant portion of Galvin's complaint is set out in the margin.[1]

13. Defendant [OSHA] negligently permitted P.E. Barnes to operate the conveyer without requiring it to post adequate warnings of the dangers and hazards associated with the operation of said conveyer.
14. Defendant [OSHA] negligently permitted P.E. Barnes to operate the conveyer without requiring it to provide sufficient safeguards or devices to protect against the type of injuries sustain by decedent herein.
15. Defendant [OSHA] failed to ensure that P.E. Barnes' industrial plant and machines were maintained at a level consistent with generally established standards of the industry or rules and regulations promulgated by OSHA.

The district court granted OSHA's motion for summary judgment, concluding that OSHA's activities fell within the discretionary function exception to the FTCA. The court also found that Galvin had failed to state a claim under Louisiana law, as is required under the FTCA, because OSHA owed no duty to the decedent.

## II. *Improper Defendant*

■ We affirm the district court's judgment for OSHA. OSHA is not the proper party to be sued under the FTCA. The lower court therefore lacked jurisdiction over Galvin's claims.[2]

It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit. In a section entitled "United States as defendant," the FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (1982) (emphasis added). The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision. Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. 28 U.S.C. § 2679(a) (1982).

■ In view of this explicit statutory language, the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act. *E.g., Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.), *aff'g* 534 F.Supp. 352, 354 (N.D.Ill.1982). Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *Gregory v. Mitchell*, 634 F.2d 199, 204–205 (5th Cir.1981); *Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir.1975).[3]

## III. *Discretionary Function Exception*

■ Although we conclude that the district court need not have reached this issue because Galvin did not sue the proper party, we briefly comment upon the determination by the district court as its basis of decision that Galvin's claim against OSHA fell within the discretionary function excep-

---

**2.** The Federal Tort Claims Act is a limited waiver of the sovereign immunity of the United States government. The Act itself is a grant of jurisdiction to the federal courts, reflecting the government's consent to be sued in certain situations. *See* 28 U.S.C. § 1346(b) (1982). "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed. 2d 607 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941)).

**3.** In the case now before us, OSHA filed a motion to dismiss or for summary judgment. Although both parties characterize the lower court's ruling as a dismissal, the court's order and memorandum opinion clearly grant *summary judgment* for OSHA. We conclude that the district court in fact lacked jurisdiction to enter such judgment, and instead should have dismissed the suit.

In its memorandum before the lower court, OSHA did not emphasize the obvious jurisdictional defect in Galvin's claim, instead relegating this argument to a single footnote. We note, however, that a federal court must examine the basis of its jurisdiction on its own motion, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987). When counsel fails to assert a jurisdictional bar, *sua sponte* consideration and dismissal is in order. In some cases, a court's prompt dismissal of an FTCA claim against an agency or government employee may allow an injured party to refile the suit against the United States within the limitations period. Thus, the interests of justice are best served when the lower courts are aware of and act quickly on this recurring jurisdictional problem. *See Hughes v. United States*, 701 F.2d at 58 (plaintiff substituted the United States as defendant in place of a federal agency after the FTCA statute of limitations had run); *Carr v. Veterans Administration*, 522 F.2d at 1356 ("sad but simple case" where plaintiff's FTCA claims were precluded because she sought to substitute the United States as defendant after the limitations period).

tion to the FTCA. The court entered its summary judgment on this ground.

Under 28 U.S.C. § 2680(a), the federal government's waiver of immunity embodied in the FTCA does not apply to any claim against the United States "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused." The lower court properly relied on the landmark case *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), to determine whether the discretionary function exception precluded Galvin's claim.

In *Varig Airlines*, a unanimous Supreme Court concluded that the Federal Aviation Administration's (FAA) decision to implement a "spot check" inspection system to ensure compliance with its safety standards fell within the discretionary function exception to the FTCA. The Court also determined that the alleged negligence of FAA inspectors in failing to detect safety violations on particular aircraft was protected by this exception.

The *Varig* Court emphasized that Congress empowered the Secretary of Transportation to establish and implement a mechanism for enforcing the aircraft safety standards according to her own best judgment. 467 U.S. at 816, 104 S.Ct. at 2766. The Court further noted that the FAA inspectors were also authorized to make discretionary judgments regarding "the need to maximize compliance with FAA regulations and the efficient allocation of agency resources." 467 U.S. at 820, 104 S.Ct. at 2768. Finally, the Court stressed that under the FAA regulatory scheme, "the FAA has a statutory duty to *promote* safety in air transportation, not to insure it." 467 U.S. at 821, 104 S.Ct. at 2768 (emphasis in original). Taking into account all of these factors, the Court concluded that "when an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." 467 U.S. at 819–20, 104 S.Ct. at 2767.

The FAA "spot check" inspections in *Varig Airlines* are legally indistinguishable from OSHA's regulatory scheme. Thus, we agree with the district court that OSHA's activities came within the discretionary function exception to a claim under the FTCA. The Occupational Safety & Health Act does not impose a duty on the Secretary of Labor to inspect places of employment, but merely authorizes her to conduct such inspections. 29 U.S.C. § 657(a) (1982). The determination of whether to conduct an inspection and the frequency, scope, detail, and methods of inspection are left to the discretion of the Secretary. This discretionary authority is delegated in part to OSHA field inspectors who are authorized "to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any ... place of employment" covered by the Act. 29 C.F.R. § 1903.3(a) (1987).

In describing the broad authority to conduct OSHA inspections, the Supreme Court has stated that "the [Occupational Safety and Health] Act does not provide any standards to guide inspectors either in their selection of establishments to be searched or in the exercise of authority to search." *Donovan v. Dewey*, 452 U.S. 594, 601, 101 S.Ct. 2534, 2539, 69 L.Ed.2d 262 (1981). Indeed, the Court has found that "the provision authorizing [OSHA] administrative searches 'devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search.'" *Id.* (quoting *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 323, 98 S.Ct. 1816, 1826, 56 L.Ed. 2d 305 (1978)). Other courts have recognized the broad discretionary authority inherent in OSHA's regulatory scheme, and have therefore held that FTCA claims arising from OSHA's alleged negligent inspection or failure to inspect came within the discretionary function exception. *Cordeiro v. Secretary of Labor*, No. 88–1240 (1st Cir. Aug. 24, 1988 [860 F.2d 1073 (table) ]), *aff'g on basis of district court's opinion*,

698 F.Supp. 373 (D.Mass.1988); *Cunningham v. United States*, 786 F.2d 1445 (9th Cir.1986); *Silva v. Brock*, 677 F.Supp. 55 (D.Mass.1988); *Daniels v. Black Mountain Spruce, Inc.*, 676 F.Supp. 220 (D.Colo.1987).

In an attempt to circumvent this strong precedential authority, Galvin argues that her suit is distinguishable from *Varig Airlines* and its progeny because a mandatory regulation was violated. Galvin cites an Occupational Safety and Health regulation requiring the placement of guards on machines such as the Barnes' conveyor. 29 C.F.R. § 1910.212 (1987).

In *Collins v. United States*, 783 F.2d 1225 (5th Cir.1986), this Court recognized that the discretionary function exception does not preclude an FTCA claim when a federal agency or employee violates a mandatory regulation which leaves no room for policy judgment. We concluded that the failure of a federal mine inspector to comply with a requirement that a mine *must* be classified as "gassy" after a certain methane level was exceeded "represented disobedience of official directions, simple and unadorned." 783 F.2d at 1230. We held that this violation of a mandatory regulation did not fall within the discretionary function exception.

The Supreme Court implicitly approved the *Collins* analysis in *Berkovitz v. United States*, —— U.S. ——, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). The claim before the Court alleged that the Division of Biologic Standards of the National Institute of Health had violated federal laws and regulations regarding the inspection and approval of polio vaccines. A unanimous court held that "[w]hen a suit charges an agency with failing to act in accordance with a specific mandatory directive, the discretionary function exception does not apply." —— U.S. at ——, 108 S.Ct. at 1963.

Galvin incorrectly argues that her claim is supported by this line of authority be-

cause OSHA failed to require the employer to comply with a specific, mandatory regulation regarding machine guards. We first note that Galvin did not oppose OSHA's motion for summary judgment, and the case was decided upon written submission without any discovery or admitted evidence. Thus, nothing in the official record substantiates Galvin's assertion that the conveyor system was not properly guarded.

Even if the guards were absent, however, the discretionary function exception would still preclude Galvin's claim because there is no statute or regulation which requires *OSHA* to ensure that all machines in every workplace are properly guarded. Instead, the Occupational Safety and Health Act squarely places the burden of compliance with workplace safety standards on the *employer*.[4] Unlike the allegations in *Collins* and *Berkovitz*, there is no mandatory statute or regulation which OSHA itself has violated.

### IV.  *Conclusion*

OSHA has filed a motion to strike the appendix to Galvin's brief and those portions of the brief which refer to the appendix. The "appendix" which Galvin has filed consists entirely of copies of documents which were not filed with the district court and thus are outside the record on appeal. This court "is barred from considering filings outside the record on appeal, and attachments to briefs do not suffice." *In re GHR Energy Corp.*, 791 F.2d 1200, 1201–02 (5th Cir.1986). OSHA's motion to strike the appendix is granted.

Galvin did not sue the United States, the only proper defendant under the Federal Tort Claims Act. Thus, the district court should properly have *sua sponte* dismissed the claim on jurisdictional grounds.

The district court instead granted summary judgment on the merits, finding that the alleged tortious activities of OSHA fell within the discretionary exception to the

---

**4.**  29 U.S.C. § 654(a) (1982) provides:

Each employer—
  (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that

are causing or are likely to cause death or serious physical harm to his employees;
  (2) shall comply with occupational safety and health standards promulgated under this chapter.

application of and recovery under the FTCA. As a matter of recognizing the understanding of the parties and the district court as to the nature of the case, we went ahead and evaluated briefly the holding and reasoning of the district court on this issue, and we found it to be correct. The curing of the jurisdictional defect by substituting the United States as defendant would have been to no avail because there was no conduct of OSHA which would have justified recovery of damages against the United States.

MOTION TO STRIKE THE APPENDIX IS GRANTED.

AFFIRMED.