19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold M. COHEN, Plaintiff-Appellant,
HRP Auto Centers, Inc., Plaintiff,
v.
FEDERAL SAVINGS & LOAN INSURANCE COMPANY; Federal Deposit
Insurance Corporation, Defendants-Appellees.
 No. 93-3905.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Harold Cohen, proceeding pro se, appeals a district court judgment dismissing his lawsuit brought pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. Sec. 1821, and the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cohen's claims arise out of alleged acts of negligence and bad faith on the part of the Federal Deposit Insurance Corporation (FDIC) and Federal Savings and Loan Insurance Company (FSLIC) in transactions with Cohen's business. In June 1983, Cohen signed a cognovit note in the amount of $262,500 to the Cleveland Community Savings Company (CCSC). The loan was in default and on June 12, 1984, the FSLIC (which had been appointed receiver for CCSC on October 28, 1983), notified Cohen that he was required to pay the outstanding principal and interest on the loan by June 30, 1984. The amount was not paid and in January 1985, the FSLIC took a judgment against Cohen.
 
 
 3
 On November 23, 1990, Cohen sent a letter to the FDIC which was treated as an administrative claim. On December 4, 1990, the FDIC sent Cohen a disallowance determination indicating that his claim was disallowed because the period for filing claims with the receiver had expired, and the amount of the claim had not been substantiated. On December 28, 1990, Cohen faxed a note to the FDIC that said "I assume by your rejection of my claim you have no desire to make an offer?" The FDIC did not respond to this note. On June 4, 1992, Cohen then filed a lawsuit in the federal district court seeking $250 million from the FDIC for their negligence, bad faith and conspiracy in dealing with Cohen and his business, HRP Auto Centers, Inc.
 
 
 4
 A magistrate judge recommended dismissing the case for lack of subject matter jurisdiction. Upon de novo review in light of Cohen's objections, the district court accepted the recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Cohen argues that his lawsuit was timely filed, that the FDIC sent him a deficient notice on December 4, 1990, regarding the disallowance of his administrative claim, and that due to a disability, he was unable properly to file his claim under the FTCA. He requests oral argument.
 
 
 6
 Initially, we note that this appeal is recognized as only brought by Cohen and not also by his business, HRP Auto Centers, Inc., because his business was not properly identified in the notice of appeal by the use of the term "et al." See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988).
 
 
 7
 Upon de novo review, we conclude that the district court properly dismissed Cohen's lawsuit for lack of subject matter jurisdiction. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). Cohen's lawsuit was time-barred pursuant to 12 U.S.C. Sec. 1821(d)(6). Furthermore, an FTCA claim brought against a federal agency as opposed to the United States itself must be dismissed for lack of jurisdiction. See Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir.1988).
 
 
 8
 Accordingly, we deny Cohen's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.