**Filed 1/11/96**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————

| | |
|---|---|
| MALCOLM F. DUVALL and ELEANOR J. DUVALL, ) | |
| ) | |
|     Plaintiffs-Appellants, ) | |
| ) | |
| v.    ) | No. 95-4147 |
| ) | (D.C. No. 95-CV-21) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, ) | (D. Utah) |
| FMHA, ) | |
| ) | |
|     Defendant-Appellee. ) | |

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellants, Malcolm F. Duvall and Eleanor J. Duvall, are pro se litigants. They sued the United States Department of Agriculture, FMHA, and now appeal the trial court's dismissal of their complaint.

Appellants' complaint alleges Defendant intentionally disregarded the law and legal proceedings and was therefore negligent and thereby injured Appellants. The complaint apparently stems from a loan made by Defendant to Appellants. Appellants allege their liability on the mortgage was satisfied in 1983 by a bankruptcy discharge or perhaps by a voluntary conveyance offer. Defendant, on the other hand, believed the debt was not satisfied and reported to the Internal Revenue Service that Appellants received a taxable benefit when Defendant charged off the uncollectible debt. Apparently the fact of the charged-off loan also found its way into the credit bureau files. Appellants sought $20 million damages for Defendant's wrongful and negligent conduct.

Defendant filed a motion raising several defenses including Defendant is an improper party; no waiver of sovereign immunity; and the tort claim is time-barred as no administrative tort claim was filed within two years of accrual.

The trial court filed its written order concluding that under the Federal Tort Claims Act the United States, and not the named defendant agency, is the only proper party and cited

28 U.S.C. § 1346(b), 2671 *et seq*., and *Galvin v. OSHA*, 860 F.2d 181, 182-83 (5th Cir. 1988), holding a Federal Tort Claims Act claim against a federal agency or employee, as opposed to the United States itself, must be dismissed for want of jurisdiction. The trial court further concluded that Appellants did not allege an administrative tort claim was filed and denied. The trial court thereupon opined the failure to file the claim was also a jurisdictional complaint requiring dismissal. The trial court dismissed the complaint for lack of jurisdiction.

Appellants appeal this dismissal. Appellants raise twenty issues, none of which bear directly upon the reasons for the trial court's action, *i.e.*, lack of jurisdiction. Appellants argue a default judgment should have been entered in their favor for various reasons and assert arguments such as: "Changing a sale (executed agreement) into a contract"; "Overturning Federal Bankruptcy"; "Mere selective pleading of Federal Law to effect sovereign immunity and make veiled threats"; "Intent to cause harm caused the death of unborn child"; and "Disrespect for the law and legal proceedings". In short, Appellants assert they were wronged.

Appellants misperceive the law. The law is clear the Government cannot be sued without its consent. The Government has consented to be sued for a tort but only if certain conditions are met. The first condition is the Government must be given written notice of

the claimed wrongful action and then the federal agency committing the tort cannot be sued, only the United States. Appellants did not do these acts. Even if they had filed the written claim, they still cannot sue the federal agency who is named as the defendant in this case. The trial court correctly decided the case. A citizen may successfully sue the government only by following the law that permits the suit. Congress has passed and the President has signed the law that is known as the Federal Tort Claims Act, which allows a citizen to sue the government. If a plaintiff fails to follow this law, the court must dismiss a tort suit. Plaintiffs failed to comply with this law.

A federal court must have jurisdiction to decide a lawsuit. All lawsuits or complaints of wrongs cannot be decided by a federal court. The law must give the court the power to decide a particular controversy. The judge in this case did not have the power to decide Appellants' claim because Appellants failed to comply with the law that allowed them to sue the federal government.

The judgment of the district court is **AFFIRMED** for substantially the same reasons stated in the district court's final order.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge