IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40963
Conference Calendar

_____


MICHAEL E. NICOSIA; JON R. MUSSER;
DWAINE D. PERRENOT; GILBERTO RAMIREZ;
JOSEPH C. RUSZCZYK; PHYLLIS P. RUSZCZYK,

                                        Plaintiffs-Appellants,

versus

SECRETARY OF THE ARMY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-110
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

       Plaintiffs appeal the dismissal of their complaint under

Rule 12(b)(1) of the Federal Rules of Civil Procedure against

defendant pursuant to the Federal Tort Claims Act (FTCA) and the

Civil Service Reform Act (CSRA).  28 U.S.C. § 2671 et seq.

(2000); 5 U.S.C. § 1101 et seq. (1996).

       Within days of plaintiffs retirement from the Department of

the Army, Corpus Christi Army Depot (CCAD), they were

individually contacted and ordered back to work for a brief

_____

       [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

period.  Plaintiffs allege their recall to work caused financial hardship and physical and mental pain and suffering.  The district court dismissed plaintiffs' complaint because the CSRA preempts plaintiffs' FTCA claim.  The district court also concluded that it had no jurisdiction under the CSRA to entertain plaintiffs' action for damages.

Federal courts must be assured of their subject-matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.  In re Bass, 171 F.3d 1016, 1021 (5th Cir. 1999).  We have no jurisdiction over plaintiffs' FTCA claim as plaintiffs did not name the United States as a defendant.  This omission is fatal to FTCA jurisdiction.  Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988).

Even if the United States had been named as a defendant, there is no FTCA jurisdiction.  In Rollins v. Marsh, 937 F.2d 134, 139 (5th Cir. 1991), we specifically concluded that the CSRA's preclusive effect included FTCA claims.  Id. at 139-41.  Plaintiffs argue the CSRA does not preclude their FTCA claim because they were retired at the time "they were negligently called back to CCAD."  We disagree.  Plaintiffs were called back to CCAD *to work*, and, during this time, they were employees, albeit temporary employees, of the Army.  As such, their FTCA claim arose out of their employment relationship with the federal government.

Plaintiffs argue that because they have no administrative remedy available under the CSRA, the district court has jurisdiction to review their claims.  This argument is without

merit as plaintiffs have failed to establish a basis for such jurisdiction.

AFFIRMED.