United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40248
Conference Calendar
_____

BRYON DALE MCLEOD,

                                        Plaintiff-Appellant,

versus

JAMES W. KNOWLES,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-382
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

        Byron Dale McLeod appeals the district court's dismissal for

lack of jurisdiction of his suit against James W. Knowles, who

was appointed to represent McLeod at resentencing.  McLeod's suit

alleged that Knowles failed to pursue a claim that changes to the

Sentencing Guidelines should apply retroactively, resulting in an

unlawful sentence.

        Liberally construed, McLeod's pro se brief asserts that

Knowles was a federal employee and, therefore, jurisdiction

exists under the Westfall Act/Federal Tort Claims Act (FTCA) and,

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively, for a constitutional violation on the basis of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or 42 U.S.C. § 1983.

The FTCA does not provide for suits against federal employees. Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." Id.

Further, an attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or Bivens. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972).

Because McLeod's appeal fails to raise any issues of arguable merit, we dismiss it as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Further, we caution McLeod that any future filings containing abusive and insulting language directed towards judicial officers will result in the imposition of sanctions.

DISMISSED; SANCTION WARNING ISSUED.