

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Culver v. OSHA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Culver v. OSHA" (2007). *2007 Decisions.* Paper 396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-4957

————————

JAMES L. CULVER d/b/a EIFS GUY, Appellant

v.

UNITED STATES DEPARTMENT OF LABOR OCCUPATIONAL SAFETY &
HEALTH ADMINISTRATION

————————————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00438)
District Judge: Hon. James M. Munley

————————————

Submitted under Third Circuit LAR 34.1(a)
June 19, 2007

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed September 21, 2007)

————————

O P I N I O N

————————

**PER CURIAM**

Appellant, James L. Culver, appeals from two District Court orders. First, the District

Court denied Culver's motion for default judgment. Second, the District Court granted the

Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). For the following reasons, we will affirm the denial of the motion for default judgment. We will also affirm the District Court's order granting Defendant's motion to dismiss, albeit for different reasons.

## I.

According to the complaint, Culver is a construction subcontractor. On July 8, 2003, an Occupational Safety and Health Administration ("OSHA") official inspected Culver's worksite in Kingston, Pennsylvania. In August 2003, Culver received several citations related to the inspection. After an informal hearing with an OSHA representative in September 2003, Culver entered an "Informal Settlement Agreement," which reduced the penalties from $2,700.00 to $180.00.

In October 2004, Culver filed a complaint against the Defendants in the United States District Court for the Middle District of Pennsylvania. See Culver v. United States Dep't of Labor Occupational Safety & Health Admin., Civ. No. 04-cv-02197. In that complaint, Culver raised several claims under the United States and Pennsylvania Constitutions, as well as several state law tort claims. The District Court dismissed Culver's tort claims without prejudice for failure to exhaust administrative remedies. Culver's other claims were dismissed with prejudice. Culver did not appeal.

In July 2005, Culver filed an administrative claim for damages against the OSHA. The basis for this claim was that the citations he had previously received were false, misleading and unsubstantiated, and that OSHA published these citations on the Internet.

2

On March 1, 2006, Culver filed the complaint that gives rise to this appeal. He alleged that six months had passed with respect to his administrative claim for damages against OSHA, and that no action had been taken. Furthermore, he asserted five claims against OSHA. First, Culver asserted that the OSHA official trespassed on July 8, 2003, when he conducted the worksite inspection. Culver's second claim was abuse of process. He asserted that OSHA abused the process of inspecting the worksite which resulted in the issuance of false citations. Culver's third claim was falsification of government records. Culver asserted that the worksite inspection resulted in false, misleading and unsubstantiated citations. Next, Culver's fourth claim was invasion of privacy - false light/violation of the Electronic Freedom of Information Act. Culver again asserted that the citations were false and/or misleading and that OSHA improperly published information related to these citations on the Internet. Finally, Culver asserted a claim of intentional infliction of emotional distress. Similar to Culver's other claims, the purportedly misleading and false citations formed the basis of this claim.

On May 4, 2006, OSHA filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). On May 5, 2006, Culver filed a motion for default judgment. On May 8, 2006, the District Court denied the motion for default judgment. Subsequently, the District Court granted OSHA's motion to dismiss. To the extent that Culver's claims arose from a dispute of the citations, the District Court determined that Culver waived those claims under Pennsylvania law by agreeing to the "Informal Settlement Agreement." Thus, the District Court found that there was no "case

3

or controversy." Alternatively, the District Court also found that OSHA was immune from suit pursuant to the discretionary function exception. Culver timely filed a notice of appeal.

## II.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The standard of review over dismissal for lack of subject matter jurisdiction is plenary. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In an appeal from a grant of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), this Court reviews only whether the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the District Court. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)(citations omitted). This case involves a facial challenge to subject matter jurisdiction. Facial challenges to subject matter jurisdiction "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id. (internal quotation marks and citations omitted). We exercise plenary review over a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Taliaferro, 458 F.3d at 188 (citation omitted). Finally, we review the denial of a motion for default judgment for abuse of discretion. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989)(citations omitted).

## III.

In both the District Court and on appeal, OSHA argues that "the [Occupational Safety and Health Act, hereinafter referred to as the "OSH Act"] provides the only avenue for challenging the issuance of a citation and any associated penalty." (Appellee

4

Br. at 12).  OSHA argues that Culver's failure to contest the citations in accordance with the OSH Act stripped the District Court of jurisdiction over his claims.  For the following reasons, we agree.

"The OSH Act has an extensive administrative process for reviewing OSHA enforcement actions."  In re Establishment Inspection of Manganas Painting Co., 104 F.3d 801, 802 (6th Cir. 1997).  After receiving a citation, an employer can seek administrative review before the Occupational Safety and Health Review Commission ("OSHRC").  See 29 U.S.C. § 659(c).  When a citation is contested, the challenge is heard before an administrative law judge.  See 29 U.S.C. § 661(j).  The administrative law judge's report becomes the final order of the OSHRC within thirty days after it is issued, unless the OSHRC elects to review the report.  See id.  The employer can then seek judicial review of the OSHRC decision in the United States Court of Appeals.  See 29 U.S.C. § 660(a).

The OSH Act gives an employer limited time to contest a citation issued by OSHA.  Indeed, if no contest is brought within that period, the citation is "deemed a final order . . . not subject to review by any court or agency."  29 U.S.C. § 659(a).  Therefore, "[t]he administrative review scheme is thus ordinarily regarded as the exclusive procedure through which an employer can obtain review of OSHA enforcement proceedings."  Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995)(citations omitted).

In Thunder Basin Coal Co. v. Reich, 510 U.S. 200 (1994), the United States Supreme Court "held that nearly identical administrative review procedures in the [Federal Mine Safety and Health Amendments Act, 30 U.S.C. § 801, hereinafter referred to as the "Mine Act"] revealed a congressional intent to preclude district courts from exercising subject matter jurisdiction over pre-enforcement, and post-enforcement, challenges to the Mine Act." In re Establishment Inspection of Manganas Painting, 104 F.3d at 802-03; see also Sturm, Ruger & Co. v. Chao, 300 F.3d 867, 871-72 (D.C. Cir. 2002); Ne. Erectors, 62 F.3d at 39-40. However, the fact that the OSH Act creates a comprehensive review process comparable to the Mine Act does not end the inquiry. See Sturm, Ruger & Co., 300 F.3d at 873. Rather, this Court must also consider whether Culver's "claims 'are of the type Congress intended to be reviewed within this statutory structure.'" Id. (quoting Thunder Basin Coal Co., 510 U.S. at 212). In Thunder Basin Coal Co., the Supreme Court stated that district courts could still assert jurisdiction over "claims considered wholly collateral to a statute's review provisions and outside the agency's expertise." 510 U.S. at 212 (internal quotation marks omitted). The Court further stated that this is particularly the case "where a finding of preclusion could foreclose all meaningful judicial review." Id. at 212-13.

Culver's claims relate to the purportedly false, misleading and unsubstantiated citations. Thus, there was no reason why Culver could not have raised this issue before the OSHRC, during a challenge under the normal administrative review procedure. See, e.g., Ne. Erectors, 62 F.3d at 40. The falsity of citations would not have been so "wholly collateral" to the OSH Act's review provisions, nor would it have been outside OSHRC's

6

expertise. Therefore, Culver's claims are not exempted from the OSH Act's administrative review scheme. Allowing Culver to raise these claims in the District Court would subvert Congress's intent to have the claims reviewed through the detailed administrative procedure.[1]

To the extent that any of Culver's claims might not be barred by the OSH's Act administrative review scheme, the discretionary function exception to liability under the Federal Tort Claims Act nonetheless bars these claims. The discretionary function exception provides that the government is not liable for: "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Whether the discretionary function exception bars suit depends on the application of a two-part test. First, it must be determined whether the challenged conduct involved an element of judgment or choice. See United States v. Gaubert, 499 U.S. 315, 322 (1991).

> "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive. And if the employee's conduct cannot appropriately be the

---

[1] In his appellate brief, Culver asserts for the first time in this action that OSHA violated several of his constitutional rights. However, "it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court." In re City of Phila. Litig., 158 F.3d 723, 727 (3d Cir. 1998).

> product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect."

Berkovitz v. United States, 486 U.S. 531, 536 (1988)(citation omitted).  Second, if the conduct involved judgment, the next step requires the court to determine "whether that judgment is of the kind that the discretionary function exception was designed to shield," which focuses on whether the conduct was based on public policy considerations.  Gaubert, 499 U.S. at 322-23.  Stated differently, the exception bars liability if the challenged action, "involves the permissible exercise of policy judgment."  Berkovitz, 486 U.S. at 537.

The OSH Act gives the Secretary of Labor the authority "(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable time limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent, or employee." 29 U.S.C. § 657(a); see also 29 C.F.R. § 1903.3(a).[2]  As stated by the Supreme Court, "the [OSH] Act does not provide any standards to guide inspectors either in their selection of establishments to be searched or in the exercise of their authority to search."  Donovan v. Dewey, 452 U.S. 594, 601 (1981).  The provision authorizing administrative searches under

---

[2] "The Secretary of Labor has delegated her authority under the Act to the Assistant Secretary for Occupational Safety and Health, who heads OSHA."  Chao v. Mallard Bay Drilling, Inc., 534 U.S. 235, 241 n.6 (2002)(citing 65 Fed. Reg. 50017 (2000)).

8

the OSH Act, "'devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search.'" Id. (quoting Marshall v. Barlow's Inc., 436 U.S. 307, 323 (1978)). Accordingly, the discretionary function exception bars Culver's claims to the extent that they may not be barred due to a lack of subject matter jurisdiction. Cf. Irving v. United States, 162 F.3d 154, 162-69 (1st Cir. 1998)(en banc); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 184 (5th Cir. 1988).

Finally, the District Court did not abuse its discretion in denying Culver's motion for default judgment. We note that OSHA filed its motion to dismiss before Culver even filed his motion for default judgment. Furthermore, this Court disfavors default judgments and encourages decisions on the merits. See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

IV.

In conclusion, we will affirm the District Court's order granting OSHA's motion to dismiss. The District Court lacked subject matter jurisdiction over the complaint because Culver did not contest the citations to the OSHRC. To the extent that the District Court might have had subject matter jurisdiction over any claims, the discretionary function exception barred suit. Finally, the District Court did not abuse its discretion in denying Culver's motion for default judgment.