**Karl POTTER, Plaintiff**

v.

**Warden Hector LEDESMA, et al., Defendants.**

**Civil No. 07–1060(SEC).**

United States District Court, D. Puerto Rico.

March 28, 2008.

Karl Potter, Catano, PR, pro se.

Fidel A. Sevillano–Del–Rio, United States Attorney's Office, San Juan, PR, for Defendants.

### OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

The Plaintiff, a prisoner proceeding *pro se*, filed this action. *See*, Docket # 2. He requested leave to proceed *in forma pauperis (see*, Docket # 1), which was granted by the Court. *See*, Docket # 3. Defendants, Warden Héctor Ledesma, Harold Sutherland, Dr. Rivera, and other "administration persons", filed a Motion to Dismiss (Docket # 9), which Plaintiff opposed (Docket # 10). After reviewing the filings and the law applicable to this action, for the reasons set forth below, Defendants' Motion to Dismiss is hereby **GRANTED in part and DENIED in part.**

### Procedural and Factual Background

Plaintiff filed this action seeking monetary relief against the abovementioned Defendants for their failure to provide medical treatment to him after he injured his finger with the closing of a cell door. His allegations are as follows

I suffered a personal injury, in a door closing incident that caused permanent damage, restricted movement, and scarring to my finger on my right hand. I reported [the] same to all named and unnamed defendants, seeking [medical treatment] and replacement or modification of [the] door. I received no medical treatment. Although I am an insulin dependent diabetic. I suffered through, the loss of nail, and many painful, and sleepless nights. To date, no adequate treatment was afforded, or a reasonable offer commensurate with my injuries

was made. Clear Medical Indifference/negligence.

Docket # 2, p. 5.

The Defendants, all federal employees, filed the instant Motion to Dismiss (Docket # 9) arguing that the Court should dismiss the case for lack of subject matter jurisdiction. They aver that, because Plaintiff's claim sounds in tort, the exclusive remedy is against the United States under the Federal Tort Claims Act (hereinafter the FTCA), and, as such, Plaintiff's tort claims against the Defendants, as federal employees, ought to be dismissed.

### Standard of Review

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir.2008). In evaluating whether Plaintiffs are entitled to relief, the Court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom." *Id.* However, Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. *Id.* That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Parker v. Hurley*, 514 F.3d 87, 95 (1st Cir.2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305(1st Cir.2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." *Id.* at 305–306. Moreover, "[w]hile plaintiffs are not held to higher pleading standards in § 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." *Marrero–Gutierrez v. Molina, et al.,* available at 491 F.3d 1, 9 (1st Cir.2007).

However, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafter by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251.

### Applicable Law and Analysis

Congress passed the Federal Tort Claims Act (FTCA) in 1946 to waive the "sovereign immunity of the United States for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Section 1346(b) provides that

the district courts ... shall have exclusive jurisdiction of civil actions on claims against the Untied States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his ... employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the action or omission occurred.

28 U.S.C.A. § 1346(b). Congress also passed section 2679 to put all U.S. agencies, even if allowed to sue and be sued under other statutes, in equal footing as non-suable agencies. *Meyer*, 510 U.S. at 476, 114 S.Ct. 996. Said section provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be ·exclusive." 28 U.S.C.A. § 2679(a).

Therefore, "if a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name, despite the existence of a sue-and-be-sued clause." *Meyer*, 510 U.S. at 476, 114 S.Ct. 996. "A claim comes within this jurisdictional grant-and-thus is cognizable under § 1346(b) if it is actionable under § 1346(b)." *Meyer*, 510 U.S. at 477, 114 S.Ct. 996. For a claim to be actionable under § 1346(b) the following elements must be present: the claim must be

(1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurs.

*Meyer*, 510 U.S. at 477, 114 S.Ct. 996. In view of these two sections, it is now beyond dispute, "that the United States, and not the responsible agency or employee, is the proper party defendant in a [FTCA] suit." *Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir.1988). That is, "a suit against the United States under the FTCA is the **exclusive remedy** for tort claims arising from the actions of government ... employees ... and courts have consistently held that an ... employee cannot be sued *eo nomine* under the [FTCA]" *Id.* (emphasis added). Therefore, "an FTCA claim against a federal agency or employee as opposed to the United States itself **must be dismissed for want of jurisdiction.**" *Id.* (emphasis added).

The above notwithstanding, constitutional tort claims are not cognizable under § 1346(b) "because [they] are not ac-

tionable under § 1346(b)." *Meyer*, 510 U.S. at 477, 114 S.Ct. 996. The Supreme Court so concluded in *Meyer* because the section only provides a cause of action against the U.S. when it "would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477, 114 S.Ct. 996. In turn, the reference in § 1346(b) to "the law of the place, means the law of the State-the source of substantive liability under the FTCA." *Id.*, at 478. "[B]y definition, federal law, not state law, provides the source of liability for a claim alleging deprivation of a federal constitutional right." *Id.* Therefore, the forced conclusion is that "constitutional tort [claims] [are] not cognizable under § 1346(b), [and, as such,] the FTCA does not constitute [an] exclusive remedy." *Id.*

In sum, in light of the above recited law, Plaintiff's claims against the federal employees, as long as they sound in tort under Puerto Rico law, must be dismissed for lack of jurisdiction because the proper party would be the United States. Therefore, any FTCA claim against such individuals is hereby **DISMISSED with prejudice.** This does not end the inquiry, however, because Plaintiff's allegations against the Defendants may raise a constitutional tort claim, not cognizable under the FTCA, and therefore, the FTCA would not provide an exclusive remedy to the Plaintiff. We explain.

Although Plaintiff did not specify the laws which give rise to his claims, his complaint was filed using one of the forms provided by the Administration pursuant to the Civil Rights Act, 42 U.S.C.A. § 1983. Said form, which contains language both in English and Spanish, is titled "Form to be Used by Prisoners in Filing a Complaint." Docket # 2, p. 1. At the last page of said document, the prison-

ers—and-litigants-to-be are directed as follows: "[s]tate here as briefly as possible the facts of your case. Describe how each defendant is involved.... **Do not give any legal arguments or cite any cases or statutes....**" Docket # 2, p. 5(emphasis added). In keeping with that instruction, Plaintiff, without citing any statute, briefly alleged that he suffered a personal injury which caused him damage to his right hand finger, and that, after he reported the same to the defendants and sought assistance, he "received no medical treatment" despite the fact that he is an "insulin dependent diabetic." Docket # 2, p. 5. Because of defendants' indifference, he continues, he suffered "the loss of nail, and many painful, and sleepless nights." *Id.*

Given the instruction contained in the form, it follows that we ought to read Plaintiff's allegations liberally in order to determine which causes of actions he may be entitled to. In doing so, we find that Plaintiff's allegations, if true, may give rise to a constitutional tort. Let's see.

■ It is now settled law, that the Eighth Amendment of the U.S. Constitution protects prisoners against "deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 104, 97 S.Ct. 285. The same is true "whether the indifference is manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care ..." *Estelle,* 429 U.S. at 104–105, 97 S.Ct. 285. The rationale behind this protection is that the Supreme Court has held "repugnant to the Eighth Amendment punishments which are incompatible with the evolving standards of decency that mark progress of a maturing society, or which involve the unnecessary and wanton infliction of pain." *Id.* (citations omitted).

Because of the principles embodied in the Eighth Amendment, the government has an inherent

obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or lingering death. In less serious cases, **denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.** The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

*Estelle,* 429 U.S. at 103–104, 97 S.Ct. 285. (citations omitted)(emphasis added).

■ Read liberally, and taking as true the allegations in the complaint, as is required, Plaintiff has plead enough to raise an actionable constitutional tort claim pursuant to the Eighth Amendment. Therefore, Defendants' argument to the effect that the FTCA provides an exclusive remedy for the Plaintiff is only half-true.

### Conclusion

In light of the above, Plaintiff's tort claims against the Defendants, insofar as they are precluded by the FTCA, are **DISMISSED with prejudice.** However, because the FTCA does not bar claims for the violation of constitutional rights against federal employees in their individual capacities, the individual defendants will still remain as defendants in this case. Furthermore, the Court will allow the Plaintiff to amend his complaint in order to include a FTCA claim against the United States.

Thereafter, the Clerk of the Court will issue summons against the United States

and shall instruct the U.S. Marshals Service to serve the amended complaint to all defendants accordingly.

**SO ORDERED.**