# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2012

No. 11-10401
Summary Calendar

Lyle W. Cayce
Clerk

GERARDO ESQUIVEL-SOLIS,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; GLEN BALINAO; D.D.S. JOHN
CARPENTER; THE CORNELL COMPANIES, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-293

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerardo Esquivel-Solis, federal prisoner # 65064-179, filed a pro se civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants Glen Balinao, John Carpenter, and The Cornell Companies, Inc., were deliberately indifferent to his medical needs. His complaint also alleged claims pursuant to the Federal Tort Claims Act (FTCA) against the United States. The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the deliberate-indifference claims with prejudice as frivolous and dismissed the FTCA claims without prejudice on the ground that Esquivel-Solis had not named the United States as the sole defendant.

As an initial matter, Esquivel-Solis does not set forth any factual or legal arguments regarding his claim that the defendants were deliberately indifferent to his serious medical needs by failing to provide effective treatment for the pain and swelling that he sustained after an improperly performed dental procedure. Because he has failed to contest the district court's disposition of his deliberate-indifference claim, he has abandoned the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, we affirm the district court's dismissal with prejudice of Esquivel-Solis's claim that he was subjected to cruel and unusual punishment in the form of deliberate indifference to his serious medical needs.

The district court dismissed without prejudice Esquivel-Solis's FTCA claims on the basis that the claims could not be asserted in the same complaint as his *Bivens* claims and that he had to file a separate FTCA action exclusively naming the United States as a defendant. He contends that the district court's conclusion was erroneous and that clearly established law provides that he may allege *Bivens* claims and FTCA claims in the same proceeding. Esquivel-Solis alleges that the denial of his FTCA claims without prejudice effectively bars him from raising those claims in a new complaint because the statute of limitations for the claims has expired. *See* 28 U.S.C. § 2401(b) (noting that limitation period under the FTCA is two years from the time the claim accrued or six months from the time that the agency mails its final denial of the claim).

The FTCA confers on federal courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). FTCA claims may be brought against only the United States, and not the

agencies or employees of the United States. *See* 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction. *See Galvin*, 860 F.2d at 183; *see also Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991) (concluding that all defendants in an FTCA action other than the United States were properly dismissed for lack of jurisdiction).

However, contrary to the district court's determination, our case law does not set forth that a plaintiff must pursue a separate action alleging FTCA claims against the United States or that FTCA claims against the United States may not be alleged along with non-FTCA claims against other parties. Instead, our case law establishes only that FTCA claims must be alleged exclusively against the United States, i.e., an FTCA claim will be cognizable – regardless of the other parties or additional claims involved in the proceeding – if the United States is the sole party against whom the claim is brought. *See Galvin*, 860 F.2d at 183; *Atorie*, 942 F.2d at 957-58. Where a plaintiff has alleged an FTCA claim solely against the United States, we will consider the FTCA claims as well as any non-FTCA claims alleged in the same proceeding against other parties. *See Bennett v. Barnett*, 210 F.3d 272, 274-77 (5th Cir. 2000).

Here, Esquivel-Solis named the United States as the exclusive party against which he was raising FTCA claims. Thus, the district court erroneously concluded that Esquivel-Solis's FTCA claims were subject to dismissal without prejudice. *See Galvin*, 860 F.2d at 183; *Atorie*, 942 F.2d at 957-58. Because the district court incorrectly found that it could not consider Esquivel-Solis's FTCA claims and dismissed the claims without considering their merits in the first instance, we vacate the district court's dismissal without prejudice of the FTCA claims and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.