# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10001

MARK ANDREW CHRISTENSEN,

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

v.

JOSEPH CAPPS, DOCTOR,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-854

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Mark Andrew Christensen, federal prisoner # 09220-046, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his pro se claims against Dr. Joseph Capps under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In his second amended complaint, Christensen alleged that Dr. Capps denied him adequate medical care in deliberate indifference to his serious medical needs relating to his lung cancer, sleep

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apnea, orthopedic problems, antibacterial resistant E. coli infection, and neurological issues.

By requesting IFP status in this court, Christensen is challenging the district court's certification under 28 U.S.C. § 1915(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (cleaned up). When a prisoner challenges the district court's decision certifying that his appeal is not taken in good faith, "the [IFP] motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Here, the district court based its certification decision on its underlying determination that Christensen failed to plead facts showing that Dr. Capps violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Christensen has offered only conclusory assertions and unwarranted factual deductions. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Christensen fails to explain why Dr. Capps's alleged acts or omissions were not simply "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice[, which] do not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Nor has Christensen explained what "exceptional circumstances" arguably show that Dr. Capps's medical treatment amounted to deliberate indifference. *Id.* at 346. Christensen has thus failed to establish that there is an arguable legal issue arising from the district court's dismissal of his Eighth Amendment claim against Dr. Capps. *See Howard,* 707 F.2d at 220.

No. 17-10001

Additionally, to the extent that Christensen's IFP brief raises appellate issues regarding FTCA and retaliation claims against Dr. Capps, those issues are frivolous. *See id*. Because FTCA claims may be brought against only the United States, and not its agencies or employees, the district court lacked jurisdiction to consider Christensen's FTCA claim against Dr. Capps. *See Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). And Christensen has failed to set forth an arguable legal issue with respect to his retaliation claim against Dr. Capps. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (listing requirements for a retaliation claim).

In summary, Christensen has failed to show that his appeal raises a nonfrivolous issue and is thus taken in good faith. *See Howard,* 707 F.2d at 220. Accordingly, Christensen's IFP motion and his motion for appointment of counsel are denied, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard,* 707 F.2d at 219-20. The dismissal of his appeal and the district court's dismissal as frivolous of Christensen's prior prisoner civil rights complaint, *see Christensen v. Scott*, No. 96-40144, 1996 WL 405492, at *1 (5th Cir. Jun. 26, 1996) (unpublished), each counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Christensen is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.