**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KAREN C. JOHNSON, Successor
Executrix of the Estate of James F.
Johnson, deceased; KAREN C.
JOHNSON; ANDREW J. JOHNSON;
GREGORY F. JOHNSON,

No. 95-1289

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-93-155-1)

Argued: December 6, 1995

Decided: February 28, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Preston Bailey, BAILEY, RILEY, BUCH & HAR-
MAN, L.C., Wheeling, West Virginia, for Appellants. Helen Camp-
bell Altmeyer, Assistant United States Attorney, Wheeling, West

Virginia, for Appellee. **ON BRIEF:** Cheryl D. Riley, Anne D. Harman, BAILEY, RILEY, BUCH & HARMAN, L.C., Wheeling, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Johnson family brought this Federal Torts Claim Act ("FTCA") action in the United States District Court for the Northern District of West Virginia against appellee United States, alleging negligence on the part of a federal employee. The United States filed a motion to dismiss because an administrative claim was not filed with the proper federal agency within two years of the accident, as required by 28 U.S.C. § 2401(b). The district court granted this motion. The Johnsons, arguing that the statute of limitations should have been equitably tolled, appealed, and we affirm.

I.

On March 12, 1988, the Johnson family was involved in an automobile accident with Bradley Bland, a member of the West Virginia Army National Guard (the "Guard"). Bland, according to the Johnsons, was returning home from drill and was intoxicated. One member of the Johnson family was killed, one was rendered a paraplegic, and the remaining two family members suffered serious injuries. Bland also died in the collision.

On November 28, 1989, the Johnsons filed a timely action in the West Virginia state court system naming the estate of Bradley Bland, the Guard, and several other entities and individuals as defendants. The Guard notified the United States of the suit, but the United States

2

neither substituted itself in the suit nor certified that Bland was acting within the scope of his employment. The administrator of Bland's estate never requested representation by the United States.

In the state court litigation, the Guard moved for dismissal claiming that, as to the Guard, a suit under the FTCA was the exclusive remedy for the Johnsons. The state court originally denied the motion to dismiss, but after the West Virginia Supreme Court's decision in Willis v. Skaff, 414 S.E.2d 450 (W. Va. 1992) (holding that an action under the FTCA was the sole remedy for a claim against the Guard), the state court dismissed the Guard as a defendant. The appellants appealed the dismissal, but the West Virginia Supreme Court refused the petition for appeal.

On March 25, 1993, more than two years after the accrual of the action, the appellants filed an administrative claim with the Department of the Army. After the requisite six months had elapsed, the appellants filed this suit in federal district court. The government moved to dismiss for lack of subject matter jurisdiction because the Johnsons did not timely file their administrative claim.

II.

The district court's dismissal of an action based on a lack of subject matter jurisdiction is reviewed de novo. Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1034 (4th Cir. 1994).

The FTCA is a statutory waiver of sovereign immunity by the United States. The FTCA provides that a tort claim against the United States must be presented in writing to the proper agency within two years of the alleged injury. 28 U.S.C. § 2401. If the agency denies the claim, the injured party may bring suit in the District Court. Id. The FTCA covers torts committed by federal employees when those employees were acting within the scope of their employment. 28 U.S.C. § 2679. If the Attorney General certifies that the employee was acting within the scope of employment, the United States is automatically substituted as the defendant in any action against the employee. 28 U.S.C. § 2679(d)(1).

3

The FTCA also contains provisions to prevent the United States from waiting until the two year time limitation for filing with the proper agency has expired, substituting itself in the suit, and then moving to have it dismissed for failure to meet the two year filing requirement. 28 U.S.C. § 2679(d)(5). This provision prevents "sand-bagging" by the government and only applies if the United States eventually certifies the employee as acting within the scope of employment and substitutes itself into the suit. Id.

The Johnsons, arguing that they diligently pursued their claims in the wrong court and that the United States had notice of the original state court suit, insist that the principles of equitable tolling should apply to waive the two year time limitation on filing. The principles of equitable tolling are applicable to suits against the United States in the same way they are in suits against private litigants. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990). However, "[f]ederal courts have typically extended equitable relief only sparingly." Id. at 96.

The district court found that because the United States chose not to become involved with this lawsuit, the court lacked subject matter jurisdiction. We agree. As the sovereign, the United States may be sued only if it waives its privilege of immunity. The conditions of such waiver, including its statute of limitation, are set forth in FTCA and they must be complied with. The United States did not certify Bland as acting within the scope of his employment, and the United States has asserted that it will not make such a certification. Bland's estate did not request representation by the government. Therefore, sovereign immunity was never waived and the federal court lacks subject matter jurisdiction.

Nothing in the present factual situation would justify the equitable tolling of the two year statute for filing the administrative claim.

For the foregoing reasons, the district court's grant of the defendant's motion to dismiss is

AFFIRMED.

4