# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-10014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

REZA VAFAIYAN

Plaintiff-Appellant

v.

TARGET INC; MIKE ELLSWORTH; OFFICER WILLIAMS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1619

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reza Vafaiyan, Texas prisoner # Y8906, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint.

In August 2006 Vafaiyan filed a § 1983 complaint regarding events that transpired on August 9, 2004, and thereafter. In September 2006, the district court issued a deficiency order indicating that the filing fee had not been paid. The district court mailed an IFP order to Vafaiyan and ordered that Vafaiyan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cure the deficiency within 30 days. On October 19, 2006, the magistrate judge indicated that Vafaiyan had failed to comply with the deficiency order and recommended that the action be dismissed without prejudice for want of prosecution pursuant to FED. R. CIV. P. 41(b). Vafaiyan did not object to the report and recommendation. In November 2006 the district court accepted the MJ's recommendation and dismissed the action.

Vafaiyan argues that the district court's order deprives him of justice because because the Texas two year statute of limitations now bars his claims. He also contends that he did not receive the district court's order.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. Rule 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The scope of the district court's discretion is narrower when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). In Vafaiyan's case, although the district court dismissed Vafaiyan's suit without prejudice, the dismissal may have effectively been with prejudice due to the two-year statute of limitations. Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

Where the limitations period "prevents or arguably may prevent" further litigation, the standard of review should be the same as is used when reviewing a dismissal with prejudice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212-13 (5th Cir. 1976). This court will affirm dismissals with prejudice for failure to prosecute only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Berry, 975 F.2d at 1191.

There is not a clear record of purposeful delay or contumacious conduct by Vafaiyan. The district court's deficiency order was issued on September 7, 2006, and the district court dismissed the proceeding less than two months later, on November 3, 2006. "Generally, where a plaintiff has failed only to comply with a few court orders or rules, [this court has] held that the district court abused its discretion in dismissing the suit with prejudice." Berry, 975 F.2d at 1192 and n.6. Also, the district court did not determine that lesser sanctions would not prompt diligent prosecution, and the district court did not employ lesser sanctions that proved to be futile. See id. at 1192 and n.7. Finally, the record does not establish the existence of the usual aggravating factors. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006).

Accordingly, the district court's dismissal of Vafaiyan's suit was an abuse of discretion. The district court's judgment is VACATED and the case is REMANDED for further proceedings.