IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-30429
Summary Calendar

WALTER JACKSON

      Plaintiff - Appellant

v.

KENNETH BAILEY, Individually and in his official capacity as Sheriff of
Claiborne Parish and as a corrections officer for the Claiborne Parish
Detention Center; RACHEL ROBINSON, Individually and in her official
capacity as an employee of the Claiborne Parish Detention Center

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-1083

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

      Appellant Walter Jackson appeals the district court's grant of summary
judgment in favor of Appellees and subsequent denial of Appellant's motion for
new trial. Appellant failed to respond to Appellees' motion for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment, and the district court dismissed Appellant's claims asserted under 42 U.S.C. § 1983 and state law. For the following reasons, we affirm the judgment of the district court.

I.

Appellant Walter Jackson, Jr. was an inmate at the Claiborne Parish Detention Center in Homer, Louisiana. Appellant claims that while he was on a work crew with several other inmates washing public school buses, he climbed onto the roof of one of the buses to wash it and slipped and fell. Due to injuries related to this incident, Appellant filed a claim against Appellees Claiborne Parish Sheriff Kenneth Bailey and Nurse Rachel Robinson, among other employees of the Claiborne Parish Detention Center, asserting violations of his constitutional rights under 42 U.S.C. § 1983 and Louisiana state law negligence claims.

Appellant served Appellees with discovery requests in May 2007. Trial was set for May 19, 2008, and the pre-trial deadline for discovery and dispositive motions was set for January 22, 2008. On January 21, 2008, the parties filed a joint motion to extend that deadline until February 5, 2008. Appellant never received responses to his discovery requests. On February 5, 2008, Appellees filed a motion for summary judgment, seeking dismissal of Appellant's claims. Appellant's opposition was due on February 20, 2008. Appellant did not respond to Appellee's motion, but on March 5, 2008, two weeks after the deadline to file an opposition expired, Appellant filed a motion for extension of time to respond to the summary judgment motion, arguing that without responses to the discovery requests, Appellant could not properly respond to Appellee's summary judgment motion. The district court granted summary judgment and denied Appellant's request for an extension, noting that it had been filed beyond the date by which Appellant was required to respond to the motion for summary

judgment. Appellant then filed a motion for new trial—reasserting the arguments made in his motion for an extension—which was denied by the district court. Appellant appeals both the district court's grant of summary judgment and the denial of Appellant's motion for a new trial.

## II.

This Court does not ordinarily review a district court's denial of a motion for new trial. Toops v. Gulf Coast Marine Inc., 72 F. 3d 483, 486–87 (5th Cir. 1996); Youmans v. Simon, 791 F.2d 341, 349 (5th Cir. 1986) ("Ordinarily, a district court's decision not to grant a new trial under Rule 59(a) is not appealable."). An appeal from a denial of a new trial "merely restates the attack on the merits of the final judgment. It is from the final judgment that the appeal should be taken." Gov't Fin. Servs. v. Peyton Place, 62 F.3d 767, 774 (5th Cir. 1995) (citation omitted). We will only review the decision not to grant a new trial when "new matters arise after the entry of the judgment." Id. Because no new matters arose after the entry of judgment in this case, and the issue concerning the Appellees' failure to respond to Appellant's discovery request was before the district court when it ruled on the summary judgment, we will review only the district court's order granting summary judgment.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. Hirras v. Nat'l R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment is required to demonstrate that there is an absence of evidence to support the nonmoving party's case. Celestine v. Petroleos De Venezuella SA, 266 F.3d 343, 349 (5th Cir. 2001) (citing Celotex v. Catrett, 477 U.S. 317, 325 (1986)). To survive a proper motion for summary judgment, the nonmovant must "bring forward sufficient evidence to

demonstrate that a genuine issue of material fact exists for every element of a claim." Celestine, 266 F.3d at 349.

Appellant first argues that the district court erred in granting summary judgment despite Appellant's motion requesting an extension of time to respond to the summary judgment. Appellant argues that he could not respond to the summary judgment because he had not received responses to his discovery requests. In Enplanar, Inc. v. Marsh, we stated that, in the context of a summary judgment, a nonmovant is entitled to receive a continuance for additional discovery if they:

> (i) requested extended discovery prior to the court's ruling on summary judgment; (ii) placed the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to the district court with reasonable specificity how the requested discovery pertained to the pending motion.

11 F. 3d 1284, 1291–92 (5th Cir. 1994). This Court has also stated that such a continuance should not be granted when "the non-moving party has not diligently pursued discovery of the evidence." Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

Here, Appellant was not requesting additional discovery, but was asking for responses to previously propounded discovery requests. As noted by the district court, in the nine months between the discovery request and the summary judgment motion, no motion to compel discovery was filed to secure the production of the allegedly necessary information. In addition, although Appellant moved for an extension before the summary judgment was ruled on, Appellant failed to file the motion for an extension of time until two weeks after the deadline to respond to the summary judgment had expired. Appellant has not even attempted to justify this delay in filing for an extension. Because Appellant failed to exercise diligence in obtaining the allegedly necessary

evidence, the district court did not err in resolving the motion for summary judgment in spite of Appellant's late-filed request for an extension.

Appellant also argues that the court erred in finding there was no issue of genuine material fact as to Appellant's claims. Appellant failed to file any substantive response to Appellee's motion for summary judgment. On appeal, Appellant points to no facts that provide a satisfactory evidentiary basis for his claims. The district court concluded that (1) there was no evidence of deliberate indifference on the part of the defendants to support the alleged violation of Appellant's constitutional rights; (2) there was evidence that Appellant received prompt and thorough medical treatment after the incident; (3) there was no evidence in the record to support the claim that Appellee Bailey failed to train his employees or promulgated any policy related to Appellant's fall or subsequent medical treatment; and (4) there was no evidence to support a claim of negligence against the Appellees. Appellant does not point to any contrary evidence sufficient to create a fact issue in the record. The district court did not err in granting summary judgment in favor of the Appellees. The judgment of the district court is AFFIRMED.