# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2013

No. 12-31255

Lyle W. Cayce
Clerk

BILLY RAY FARMER, III; DIANE FARMER,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1960

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this appeal, the appellants contend that their suit against the United States may be considered timely filed under 28 U.S.C. § 2679(d)(5). As explained below, we disagree and AFFIRM the district court's dismissal of this case for lack of subject matter jurisdiction.

Billy Ray Farmer, III and his mother, Diane Farmer, filed their original action on June 24, 2010, in Louisiana state court against, *inter alia*, the Louisiana Electronic and Financial Crimes Task Force ("Task Force"). This Task

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31255

Force is comprised of federal, state, and local law enforcement personnel and was established by the United States Secret Service, a federal law-enforcement agency that is a component of the Department of Homeland Security ("DHS"), as part of the Patriot Act of 2001. The plaintiffs alleged that the Task Force committed various torts against them in connection with the June 24, 2009 search of their home. The Task Force, acting through the United States Attorney, removed the case to federal court under 28 U.S.C. § 1442(a)(1), averring that the Task Force, the Secret Service, and the DHS are agencies of the United States.

In September 2011, the Task Force and the United States filed a motion to dismiss the claims against the Task Force for lack of subject matter jurisdiction, asserting that the United States was the proper defendant, that the plaintiffs failed to exhaust their administrative remedies regarding their common law tort claims, and that a plaintiff cannot bring constitutional tort claims against the United States. The district court granted this motion without prejudice on October 25, 2011.

The plaintiffs then filed an administrative claim with the Secret Service on December 22, 2011, which the Secret Service denied on January 30, 2012. Subsequently, on July 27, 2012, the plaintiffs filed an action in the district court against the United States, again alleging claims under the Federal Tort Claims Act ("FTCA"). The United States moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending the plaintiffs' untimely filing of their administrative claim deprived the court of subject matter jurisdiction. The district court granted this motion, and the plaintiffs timely appealed.

We review a district court's decision to grant a motion to dismiss *de novo*. *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced

2

in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and [that] the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotations and citations omitted). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lonatro v. United States*, 714 F.3d 866, 870 (5th Cir. 2013) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). The FTCA requires plaintiffs alleging tort claims against the federal government to file an administrative claim with the relevant agency within two years after the claim accrues or "be forever barred." 28 U.S.C. § 2401(b). Plaintiffs then have six months following the denial of that claim to file a lawsuit based upon the alleged tort claims. *Id.* "The FTCA's statute of limitations is jurisdictional, *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998), and a claimant is required to meet both filing deadlines." *In re FEMA Trailer Formaldehyde Prods. Liability Litigation*, 646 F.3d 185, 189 (5th Cir. 2011).

It is established for this appeal that the Farmers' claim accrued on June 24, 2009, the date the Task Force searched their home.[1] Their December 22,

---

[1] The district court found the Farmers' claim accrued on this date. The Farmers, in their argument to the district court, did not contend any other relevant accrual date existed. Instead, they noted only that they first filed their suit "within a year of the offense (June 24, 2009)." USCA5 at 59. The Farmers similarly did not contest this issue in their opening brief. Accordingly, they cannot now challenge this accrual date. *See Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 876 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.2 (5th Cir. 1996) ("[A]n appellant abandons all issues not raised and argued in its *initial* brief on appeal." (internal quotations and citations omitted) (emphasis in original)).

No. 12-31255

2011 filing of an administrative claim with the Secret Service therefore falls outside the two-year window the FTCA prescribes.

The Farmers contend, however, that 28 U.S.C. § 2679(d)(5) saves their claims from being forever barred. This provision provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed timely presented under section 2401(b) of this title if–
>> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). The Farmers assert they are entitled to the protections of this provision because the United States "substitute[d] itself" as a defendant in this case, they filed an administrative claim within 60 days of the dismissal, and they had filed their original complaint within two years of the injury.

The district court rejected this argument, finding the United States was never substituted as a party pursuant to § 2679(d)(1). We hold the district court was precisely correct. Section 2679(d)(1) states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Thus, for the federal government to be "substituted as the party defendant under this subsection," as § 2679(d)(5) requires, the Attorney General must certify that the defendant employee was acting within the scope of his office or employment.[2]

---

[2] *See Johnson v. United States*, 78 F.3d 579, 1996 WL 84475, at *2 (4th Cir. 1996) (unpublished) ("This provision[, § 2679(d)(5),] prevents 'sandbagging' by the government and

4

No. 12-31255

Here, no such certification was made, and no substitution ever occurred.[3]  Nor did the plaintiffs or the defendant-employees ever request a certification or substitution.  *See* 28 U.S.C. § 2679(d)(3).  We note, moreover, that the Farmers admit in their statement of the case that when they first filed their lawsuit on June 24, 2010, they served, among others, Mr. Kim Tate, SAC at the U.S. Secret Service office in Metairie, Louisiana, thus clearly demonstrating that they were aware from the beginning of the federal government's involvement and that they were not "sandbagged" as they claim.  Br. of Plaintiffs-Appellants at 12; *see also Johnson*, 1996 WL 84475, at *2.

Accordingly, the Farmers are not entitled to the protection of § 2679(d)(5). The judgment of the district court is

AFFIRMED.

---

only applies if the United States eventually certifies the employee as acting within the scope of employment and substitutes itself into the suit.").

[3] Indeed, the district court that first dismissed the plaintiffs' claims against the Task Force expressed no such substitution occurred.  *Farmer v. Louisiana Electronic Financial Crimes Task Force*, No. 10-2971, 2011 WL 5085089, at *2 (E.D. La. Oct. 25, 2011) (noting the "plaintiffs' claims against the United States, through the Louisiana Electronic and Financial Crimes Task Force . . . must be dismissed for lack of subject matter jurisdiction," and nowhere indicating the United States had been substituted).