# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2014

Lyle W. Cayce
Clerk

No. 13-30422
consolidated with No. 13-30423
Summary Calendar

BILLY RAY FARMER, III; DIANA FARMER,

Plaintiffs - Appellants

v.

LOUISIANA ELECTRONIC AND FINANCIAL CRIMES TASK FORCE;
TOBY AGUILLARD; MARCUS MCMILLIAN; UNITED STATES OF
AMERICA,

Defendants - Appellees

BILLY RAY FARMER, III; DIANA FARMER,

Plaintiffs - Appellants

v.

THOMAS H. YOUNG, JR.,

Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 2:10-CV-2971

Before WIENER, OWEN, and HAYNES, Circuit Judges.

Nos. 13-30422 & 13-30423

PER CURIAM:*

In this consolidated appeal, Billy Ray Farmer III and Diana Farmer (collectively, the "Plaintiffs") appeal the district court's dismissal of their claims against the Louisiana Electronic and Financial Crimes Task Force (the "Task Force"), Toby Aguillard, and Marcus McMillian, and the district court's partial denial of their motion for default judgment against Thomas Young. We VACATE and REMAND the district court's dismissal of the Plaintiffs' claims against Aguillard and McMillian and AFFIRM the remaining judgments.

I.

The Plaintiffs sued the Task Force, Aguillard, McMillian, and Young in Louisiana state court, asserting various state and federal causes of action related to the search of their house and the arrest of Billy Farmer. The Task Force, acting through the United States Attorney, removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), averring that the Task Force was an agency of the United States.[1] The Task Force later filed a motion to dismiss the claims against it for lack of subject matter jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* The district court granted this motion because, *inter alia*,[2] it found that the United States was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Task Force is comprised of federal, state, and local law enforcement personnel and was established by the United States Secret Service, a federal law-enforcement agency that is a component of the Department of Homeland Security, as part of the Patriot Act of 2001.

[2] Citing *Sampson v. United States*, 73 F. App'x. 48, 49 (5th Cir. 2003) (unpublished), the district court also dismissed the Plaintiffs' constitutional tort claims against the Task Force on the ground that the United States has not waived sovereign immunity for constitutional torts. The Plaintiffs abandon this issue on appeal by failing to mention it in their brief. *See Webb v. Investacorp*, 89 F.3d 252, 257 n.2 (5th Cir. 1996). Therefore, we review only whether the Plaintiffs' common law tort claims were properly dismissed pursuant

Nos. 13-30422 & 13-30423

the proper defendant and that the Plaintiffs failed to exhaust their administrative remedies as required by the FTCA in order to assert common law tort claims against the United States.[3]

Thereafter, defendants Aguillard and McMillian filed a motion to dismiss, requesting that the district court dismiss the Plaintiffs' claims against them with prejudice for failure to comply with the district court's scheduling order and failure to prosecute. The district court granted the motion.

The Plaintiffs then filed a motion for default judgment against Young, the sole remaining defendant. After a hearing on the motion, the district court entered judgment for $19,351.61 in favor of Billy Farmer for unlawful arrest under 42 U.S.C. § 1983. However, the district court denied default judgment on the Plaintiffs' claim for malicious prosecution under § 1983 and denied relief to Diana Farmer on the unlawful arrest claim.

## II.

We review *de novo* the district court's dismissal of the Plaintiffs' claims against the Task Force for lack of subject matter jurisdiction. *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). The Plaintiffs bear the burden of establishing that subject matter jurisdiction exists. *See id.*

---

to the FTCA.

[3] After the district court dismissed the Plaintiffs' claims against the Task Force, the Plaintiffs filed an administrative claim with the Secret Service, which the Secret Service denied. The Plaintiffs then filed a separate action in the district court against the United States, alleging claims under the FTCA for the events forming the basis for the instant suit. *See Farmer v. United States*, Civ. No. 12-1960 Sec. "S" (3), 2012 U.S. Dist. LEXIS 160405 (E.D. La. Nov. 8, 2012) (unpublished). The United States moved to dismiss, this time contending that the Plaintiffs' untimely filing of their administrative claims deprived the court of jurisdiction. The district court granted the motion. *Id.* The plaintiffs timely appealed, and a panel of this court affirmed the district court's dismissal of this second action. *See Farmer v. United States,* No. 12-31255, 2013 U.S. App. LEXIS 18729 (5th Cir. Sept. 9, 2013) (unpublished). The instant appeal decides whether the district court properly dismissed the Plaintiffs' claims against the Task Force in the initial action.

Nos. 13-30422 & 13-30423

A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute; this is a jurisdictional requirement. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). The FTCA is the exclusive waiver of sovereign immunity for tort claims against the United States or its agencies. *See* 28 U.S.C. §§ 1346, 2679(a); *Willoughby*, 730 F.3d at 479. The FTCA conditions a court's jurisdiction on the plaintiff's compliance with 28 U.S.C. § 2675(a), which mandates that such a suit not be instituted until a plaintiff files an administrative claim with the appropriate federal agency and the claim is finally denied by that agency. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The United States, and not the agency itself, is the proper defendant in an FTCA action. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

There is no dispute that the Task Force is a federal agency as defined by the FTCA. *See* 28 U.S.C. § 2671 (defining "Federal agency" as including "executive departments, . . . independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States").[4] Accordingly, the United States is the proper defendant, and the FTCA is the Plaintiffs' exclusive remedy for their common law tort claims. As such, subject matter jurisdiction is conditioned on the filing and final denial of an administrative claim. Because this jurisdictional requirement was not satisfied, the district court lacked subject matter jurisdiction over the Plaintiffs' claims against the Task Force.[5] The district court properly

---

[4] In their initial complaint, the Plaintiffs acknowledged that the Task Force was organized by the United States under congressional authority and was acting under the authority of the United States.

[5] Since the United States, and not the agency itself, is the proper defendant, an FTCA claim against a federal agency instead of the United States must be dismissed for want of jurisdiction. *Galvin*, 860 F.2d at 183. The district court lacked jurisdiction over the Plaintiffs' claims against the Task Force on this basis as well.

dismissed these claims.

Next, the district court dismissed the Plaintiffs' claims against Aguillard and McMillian with prejudice because the Plaintiffs failed to comply with the court's scheduling order and failed to offer any reasonable explanation for the lapse. *See* FED. R. CIV. P. 41(b). A dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 326 (5th Cir. 2008) (citation and internal quotation marks omitted). It is reserved for those cases "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). Accordingly, we have limited the district courts' discretion to use a dismissal with prejudice as a sanction. *Millan,* 546 F.3d at 326. We affirm dismissals with prejudice for failure to prosecute "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In those cases where we have affirmed dismissals with prejudice, we have also generally found at least one of three aggravating factors: (1) delay

---

On appeal, instead of attempting to establish that subject matter jurisdiction exists, the Plaintiffs take issue with the fact that the Task Force removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), as opposed to filing a certificate of scope of employment for the individual defendants and removing to federal court pursuant to 28 U.S.C. § 2679(d)(2). The Plaintiffs also make reference to § 2679(d)(5) and equitable tolling. We do not consider these arguments because the Plaintiffs did not raise them before the district court. *See Horton v. Bank One*, 387 F.3d 426, 435 (5th Cir. 2004) ("Arguments not raised in the district court cannot be asserted for the first time on appeal." (citation and internal quotation marks omitted)).

caused by the plaintiffs themselves; (2) actual prejudice to the defendants; or (3) delay caused by intentional conduct. *Millan*, 546 F.3d at 326.

In this case, the record supports the district court's conclusion that the Plaintiffs failed to comply with the pretrial order. However, the district court did not (1) expressly determine in its order of dismissal that lesser sanctions would not prompt diligent prosecution; (2) consider lesser sanctions (such as exclusion of evidence or witnesses not revealed); or (3) employ lesser sanctions to no avail. The district court's order of dismissal only went so far as to state that the "Plaintiffs' failure to comply with the deadlines set forth in this court's scheduling order demonstrates a complete disregard for this court's procedures and justifies dismissal with prejudice."[6]  Dismissal with prejudice is the "ultimate sanction," which "should be imposed only after full consideration of the likely effectiveness of less-stringent measures." *Hornbuckle*, 732 F.2d at 1237. Because we cannot determine from the district court's order why less-stringent measures were not employed or whether they were fully considered, we vacate the district court's dismissal with prejudice and remand for an express determination of these matters. *See, e.g.*, *id.*

Finally, we review the district court's partial denial of the Plaintiffs' motion for default judgment for abuse of discretion. *See Settlement Funding, LLC v. TransAmerica Occidental Life Ins.*, 555 F.3d 422, 424 (5th Cir. 2009).

---

[6] We realize that the Plaintiffs filed a motion to alter or amend judgment, and in denying this motion, the district court stated, *inter alia*, that "lesser sanctions would not have been appropriate because the case had been pending for more than two years, and the trial date was [less than a month away]." Nevertheless, this statement does not explain why lesser sanctions would not prompt diligent prosecution, nor does it appear from the record that the trial date could not be reset in conjunction with imposing lesser sanctions. A delayed trial does not mean that lesser sanctions will prove ineffective. *See, e.g.*, *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233 (5th Cir. 1984) (reversing dismissal with prejudice where plaintiff's counsel refused to commence trial as scheduled); *Rogers*, 669 F.2d 317 (reversing dismissal with prejudice where plaintiff's counsel announced not ready at trial and sought a continuance). It also does not analyze whether lesser sanctions, such as exclusion of undisclosed evidence, would have been sufficient punishment for the non-disclosure.

We may affirm the district court's judgment on any grounds supported by the record. *See Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007). The act of default alone does not entitle a plaintiff to receive a default judgment in its favor; instead, the judgment sought must be supported by well-pleaded allegations. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The district court did not err in denying default judgment on the Plaintiffs' malicious prosecution claim. This claim fails as a matter of law because a freestanding claim for malicious prosecution may not be maintained under 28 U.S.C. § 1983. *See Cuadra v. Hous. Indep. Sch. Dist.,* 626 F.3d 808, 812–13 (5th Cir. 2010) (citing *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)). We likewise find no error in the district court's denial of relief to Diana Farmer on the unlawful arrest claim. Since she was not arrested, her claim fails as a matter of law. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) ("In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment.").

We AFFIRM the district court's dismissal of the Plaintiffs' claims against the Task Force and partial denial of the Plaintiffs' motion for default judgment. We VACATE the district court's dismissal with prejudice of the Plaintiffs' claims against Aguillard and McMillian and REMAND for further proceedings consistent with this opinion.