# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2014

LINUS MAYES; ANGIE MAYES,

Lyle W. Cayce
Clerk

Plaintiffs-Appellants

v.

FEDEX FREIGHT INCORPORATED; JOHN DOE; A B C INSURANCE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2992

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Appellants Linus Mayes and Angie Mayes (collectively, "the Mayeses") appeal the district court's order dismissing their case with prejudice under Fed. R. Civ. P. 41(b). For the reasons explained, we VACATE the district court's order and REMAND for further proceedings.

"Dismissals with prejudice [under Rule 41(b)] are 'reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30544

ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.'" *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982)).[1] We have repeatedly held that a plaintiff's failure to comply with a few court orders does not warrant dismissal with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992). In addition to finding delay and considering the presence of an aggravating factor, the district court must consider whether lesser sanctions would prompt diligent prosecution. The court should describe the lesser sanctions it considered, and if the court concludes that lesser sanctions will not prompt diligent prosecution, it should explain why lesser sanctions would be inadequate. *See, e.g.*, *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 Fed. App'x 386, 390 (5th Cir. 2014) (per curiam) (explaining that "[d]ismissal with prejudice is the 'ultimate sanction,' which 'should be imposed only after full consideration of the likely effectiveness of less-stringent measures'" (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984))). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers*, 669 F.2d at 321-22. "[T]he court's findings that lesser sanctions would be inadequate . . . must be spread upon the record for 'such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.'" *Boudwin*, 756 F.2d at 401 (quoting *Hornbuckle*, 732 F.2d at 1237).

---

[1] The aggravating factors "include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Id.*

No. 14-30544

The Mayeses' attorney filed an ex parte motion to withdraw as counsel on October 8, 2013. The district court referred the motion to a magistrate judge, who granted the motion to withdraw on October 9, 2013. The magistrate also ordered the Mayeses to enroll new counsel or notify the court in writing of their intent to proceed pro se within thirty days. The Mayeses failed to do so. On November 13, 2013, the magistrate judge recommended *sua sponte* that the district court dismiss the case with prejudice "for failure to prosecute or to comply with a court order" under Rule 41(b). The magistrate notified the Mayeses that they had fourteen days to file objections to her report and recommendation. The Mayeses failed to file objections. On December 16, 2013, the district court adopted the magistrate's report and recommendation and dismissed the case with prejudice under Rule 41(b).[2]

The magistrate's withdrawal order was issued on October 9, 2013, and the district court dismissed the proceeding just over two months later. Ignoring a single court order and failing to prosecute a claim for two months is not sufficient evidence of clear delay to warrant dismissal with prejudice. *See, e.g.*, *Vafaiyan v. Target Inc.*, 251 Fed. App'x 862, 863-64 (5th Cir. 2007) (per curiam). The magistrate judge and district court also failed to consider lesser sanctions and to explain why such sanctions would not prompt diligent prosecution. The magistrate judge simply assumed that plaintiffs no longer wished to pursue their lawsuit and suggested that dismissal with prejudice "may be the least sanction" in such a situation. This conditional supposition

---

[2] The Mayeses apparently hired new counsel within a week of the district court's dismissal. The Mayeses' new attorney then filed a Rule 59 motion for a new trial or to alter or amend the judgment. The district court denied the motion. The Mayeses appealed the district court's order denying their Rule 59 motion. When a party appeals the denial of a Rule 59 motion, the court ordinarily treats the appeal as an appeal from the final judgment. *See Jackson v. Bailey*, 305 Fed. App'x 246, 248 (5th Cir. 2008) (per curiam). Thus we review the district court's order dismissing the case under Rule 41(b).

provides no basis for this court to consider the district court's exercise of its discretion. Thus we hold that the district court abused its discretion in dismissing this case with prejudice under Rule 41(b).

Accordingly, we VACATE the district court's order dismissing the case under Rule 41(b) and REMAND for further proceedings.