# United States Court of Appeals for the Fifth Circuit

_____

No. 23-30547
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

Jackhai Nguyen,

*Plaintiff—Appellant*,

*versus*

United States Postal Service, of the United States Government,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-3801

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff Jackhai Nguyen appeals the district court's dismissal of her claim against the United States Postal Service ("USPS").  Because the district court lacked subject-matter jurisdiction over the case, we AFFIRM

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the dismissal but REMAND to the district court for the limited purpose of modifying it as a dismissal without prejudice.

Nguyen initiated this suit pursuant to the Federal Tort Claims Act ("FTCA"), alleging damages based on USPS's loss of a diamond tennis bracelet from the packaging. Upon USPS's motion, the district court dismissed the complaint with prejudice for lack of subject-matter jurisdiction.[1]

We always have jurisdiction to determine jurisdiction, *United States v. Ruiz,* 536 U.S. 622, 628 (2002), and "[w]e conduct a de novo review of orders granting the Government's motion to dismiss an FTCA complaint under Rule[] 12(b)(1)," *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quotation omitted). The plaintiff has the burden of proving subject-matter jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Here, we agree with the district court that Nguyen's claim fails for lack of subject-matter jurisdiction for three independent reasons.

First, Nguyen failed to allege her exhaustion of administrative remedies. The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant *shall have first presented the claim to the appropriate Federal agency* and his claim

---

[1] Nguyen contends the district court erred by dismissing her claim without providing her an opportunity to amend. However, she did not amend as a matter of course or request leave to amend. *Cf. Von Eschen v. League City Tex.*, No. 00-20059, 2000 WL 1468838, at *1 (5th Cir. Sept. 8, 2000) (per curiam) (concluding the district court erred by refusing to consider plaintiff's Rule 15(a) amendment when reviewing defendant's motion to dismiss). Nor does she provide any authority requiring courts to invite such amendment from a represented party. *Cf. Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981) (requiring district courts to afford pro se litigants an opportunity to amend and show administrative exhaustion instead of outright dismissal).

shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (emphasis added). We have long held that administrative exhaustion is a jurisdictional requisite to filing an FTCA action. *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981). Because Nguyen failed to allege that she notified USPS at all, the district court lacked jurisdiction over her claim.

Second, Nguyen improperly named USPS as the defendant in this case. The FTCA vests district courts with "exclusive jurisdiction of civil actions on claims against the United States, for money damages." 28 U.S.C. § 1346(b)(1). Thus, "[t]he United States, and not the agency itself, is the proper defendant in an FTCA action." *Famer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388–89 (5th Cir. 2014) (per curiam). Accordingly, the district court did not have jurisdiction over Nguyen's FTCA claim against USPS. *See Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

Finally, the district court lacked jurisdiction over Nguyen's claim regarding negligent handling of mail. The FTCA provides a limited waiver of sovereign immunity. However, this waiver includes a postal-matter exception, which preserves immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "The Supreme Court made clear that in creating this exception, it was 'likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" *Hale v. United States*, No. 22-20426, 2023 WL 1795359, at *2 (5th Cir. Feb. 7, 2023) (per curiam) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006)), *cert. denied*, 144 S. Ct. 173 (2023). Here, Nguyen's complaint alleges damages based on USPS's loss of a diamond tennis bracelet. Her claim thus arises out of the loss of postal matter and is subject to the postal-matter exception. Accordingly, her claim is barred by sovereign immunity.

In sum, the district court did not err in dismissing Nguyen's complaint for lack of subject-matter jurisdiction. However, it erred in dismissing the complaint *with* prejudice. We have routinely held that a district court should dismiss a claim without prejudice when it lacks subject-matter jurisdiction. *See, e.g.*, *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) ("The district court was without jurisdiction over [plaintiff's] FTCA claims; thus, it was without authority to dismiss the claims with prejudice.").

Accordingly, we AFFIRM as to the dismissal of the complaint but REMAND to the district court to enter a modified order and final judgment that dismisses the suit *without* prejudice.